## DEN EX DEM. HENRY VANDERVEERE v. SAMUEL S. GASTON AND PETHUEL MASON.

1. The court of common pleas has general common law powers and jurisdiction, and a judgment entered by confession in that court, without the affidavit required by statute, is only voidable, and cannot on that ground be collaterally attacked by a stranger to the record. Such judgment is admissible as competent testimony, without proof of the existence of an affidavit.

2. Proof that an affidavit presented under the statute is untrue, or that it does not meet the requirements of the law, will not make the judgment *incompetent* evidence.

3. An execution against lands must be recorded, before it is delivered to the sheriff, to make his sale valid ; without such record thereof, the officer has no authority to levy or sell the lands of a defendant.

4. A certificate or memorandum that the writ has been recorded, made on the back or margin of an execution, signed by the clerk of the court, in which judgment was rendered, is sufficient *prima facie* evidence that the proper record has been made.

5. Fraud, *in fact*, in the confession of a judgment, for the purpose of defrauding creditors, may be shown before a jury by a party interested, though a stranger to the record.

---

This cause was brought up by writ of error from the Supreme Court. The errors assigned were founded upon bills of exceptions to the ruling and charge of Justice POTTS, before whom the cause was tried at the Somerset circuit, in December, 1854.

Den ex Dem. Vanderveere v. Gaston and Mason.

Argued by Mr. *Ransom* and Mr. *William Halsted* for the plaintiff in error, and Mr. *Brown* and Mr. *Dayton* for defendant.

The opinion of the court was delivered by

OGDEN, J.   The lessor of the plaintiff claimed title to the premises in question in this cause, as heir at law of Phebe Vanderveere, now deceased. The lot of land in question formerly belonged to Peter I. Stryker, and was sold by virtue of an execution, tested the first day of April, 1840, issued upon a judgment rendered in the circuit court of the United States for the third circuit, in favor of Gould, Hoyt, and others, against Peter I. Stryker and Henry Vanderveere, by John S. Darcey, then the marshal for the district of New Jersey. The defendants set up title to the premises in one Thomas Talmage, who became a purchaser at a sale made by the sheriff, on the twenty-second day of August, 1840, upon an execution tested the first day of January, 1840, issued upon a judgment entered by confession in the court of common pleas of the county of Somerset, on the thirteenth of January, 1840, against the said Peter I. Stryker, in favor of the said Talmage, guardian of Mary Elizabeth Henry, a minor. The judgment and the execution through which the tenants have defended, are prior in dates to those through which the lessor of the plaintiff derived title, and if the sale was valid in law, they support the verdict and judgment.

Two principal errors have been urged on the argument. *One,* that the justice on the trial at the circuit admitted illegal evidence offered on the part of the defendants. *Another,* that he rejected legal evidence offered in behalf of the lessor of the plaintiff.

The first alleged error involves the *regularity* of the judgment upon which the deed to Talmage is founded, by impugning the evidence received by the court, of the existence of the affidavit required by the statute of this state; and likewise it questions the authority of the sheriff to make

a sale under the execution, as it was placed in his hands. The court of common pleas, by its common law powers, had jurisdiction over the person of the defendant, and over the subject matter of the judgment, independent of the provisions of the statute, which directs that an affidavit shall be produced at the time a judgment by confession is signed.

A judgment by confession in that court, without an affidavit, is therefore only voidable, and it cannot on the ground of that omission, be attacked collaterally by a stranger to the record. The judgment was admissible in evidence without proof of the existence of an affidavit; and hence the lessor of the plaintiff is not entitled to any benefit from his exception to the ruling of the court, in admitting evidence of a copy of an affidavit. Upon the question of fraud in the confession of a judgment, the party impeaching it will be permitted to show to the jury that an affidavit, found with the papers is untrue, or that it does not meet the requirements of the law; but such facts *per se* and alone, are not sufficient to require the exclusion of the judgment as *incompetent* evidence in the cause.

This view is fully sustained by the results of the various cases upon judgment, by confession, which have occupied the attention of the courts in this state.

The objection urged against the validity of the sale and conveyance by the sheriff, is that the execution was not recorded before it was placed in his hands to be executed. If the ground for the objection be true, the sheriff has acted without authority. At common law, lands could not be sold for the payment of debts. The power of alienation *in invitum* is created by statute, and all the positive requirements of such statute should be complied with, in passing an estate from the debtor to a purchaser, upon a judicial sale.

The first section of the act, making lands subject to sales for the payment of debts, provides that all real estate shall be liable to be levied on and sold by executions, to be issued on judgments obtained in any court of record in the state, except " courts constituted for the trial of small causes," for

the payment and satisfaction of the money so recovered. The second section limits the binding effect of a judgment upon lands to the time of the actual entry of the judgment in the minutes or records of the court ; and the *third* section declares that every writ of execution, which shall be sued forth against lands, *shall*, before it be delivered to the sheriff, be recorded in a book by the clerk of the court, out of which the same was issued. By the *tenth* section, it is enacted, that if any judgment or execution, (the said execution being recorded as aforesaid,) by virtue whereof a sale of lands shall be made, be reversed for error, such reversal shall not be of any avail against a *bona fide* purchaser, under the said judgment or execution, prior to such reversal.

The statute requiring executions to be recorded, was passed as early as 1743, and it is coeval with the law making lands liable to sale for the payment of debts. The question presented to this court is, whether the act is to be construed as simply directory, so that an omission to comply with its provisions shall have no effect upon the subsequent proceedings ; or is the recording of an execution against lands an essential element in giving validity to the writ, as an authority for the officer to levy and make sale.

This point was fully examined and considered by the Supreme Court, in the year 1807, in the case of Elmer against Bergen. Justice PENNINGTON, in his opinion, says : " On the best consideration which I have been able to give the subject, I incline to think that the recording the execution, before it is delivered to the sheriff, is an essential act to be performed, and that without it, there is no authority to levy on or sell the land of the defendant." The construction then given to the act is the true one. If the provision should be declared by this court to be simply directory, and an omission to comply with it could be covered by the subsequent proceedings, the manifest intention of the legislature would be frustrated, and the requirement would prove to be of little or no benefit. In the case before us, the clerk of the county, who was the clerk of the court, certified upon the execution, before it was delivered to the

sheriff, as follows : " Received in Somerset clerk's office, January thirteenth, 1840, and recorded in book F. of executions, page 301, by J. M. Mann, Clerk." The execution, and the certificate of the clerk thereon, were offered and received in evidence on the part of the defendants. The certificate under the hand of the clerk, who was the recording officer, was sufficient *prima facie* evidence that the requirement of the statute in that particular had been complied with, and its effect could not be overcome by other than affirmative certain proof that a record of the execution had not been made.

The defendants were not required to add to their proof the book of executions, nor a certified copy of the record made therein.

This principle was established in the case of *Kinnersley* v. *Orpe and others, Douglass' Rep.* 56. It was an action of trespass for fishing in the plaintiff's fishery. The plaintiff derived his title under a lease from the Duchy of Lancaster, in which there was a proviso that the lease and all assignments thereof should be enrolled within three months from the date, *with the auditor of the Duchy*, or otherwise should become void. To prove the enrollment of the lease, a memorandum or certificate on the margin of the lease was read, signed A. B. auditor. No other evidence of the enrollment was given. Verdict for the plaintiff. Upon the hearing of the argument of a rule to show cause, &c., WILLES, Justice, said : " The memorandum in the margin is the certificate of the proper officer, not of a private person. The endorsement on the back of a deed of bargain and sale by the proper officer, is always received as evidence of the enrollment. I think the enrollment is sufficiently proved." ASHHURST, Justice, " I think the memorandum is sufficient evidence of the enrollment." BULLER, Justice, " I think the lease with the certificate under the hand of its own officer, would bind *the crown itself*. The act of parliament respecting bargains and sales does not provide that the endorsement of the officer shall be evidence of the enrollment, and yet it is constantly admitted."

In the case before us, the defendants produced in addition, the record of executions, in which the record purporting to have been made in this case, appears to be variant from the execution itself in several particulars. Those variances, however, are not sufficient to avoid the record, or to contradict the certificate of the clerk made upon the execution.

It further appears in the bills of exceptions, that after the defendants had rested their defence, the lessor of the plaintiff offered to prove by the will of one John Henry, deceased, who was the father of the ward of Talmage, and by *other evidence*, that the judgment was fraudulently confessed to Talmage, for the sole purpose of defrauding the creditors of Mr. Stryker, by protecting his property against them; and that the justice thereupon ruled that *fraud in fact*, in the confession of the judgment to Mr. Talmage, could not be proved in this suit, and refused to admit the evidence offered. The error to this ruling, we think, has been well assigned, and is fully supported by well established law. Upon the broad opening, as certified to this court in the bill, the plaintiff should have been allowed to produce his testimony before the court and jury.

The judgment must be reversed upon the error last considered, and the cause be remitted to the Supreme Court, and a *venire de novo* be there awarded.

Judgment reversed.

*For Reversal*—THE CHANCELLOR, THE CHIEF JUSTICE, and Judges CORNELISON, OGDEN, RISLEY, ELMER, HUYLER, POTTS, and VALENTINE—9.

*For Affirmance*—Judges ARROWSMITH and WILLS—2.

N. B.—The cause was afterwards re-tried, but the plaintiff failing to establish fraud, a verdict passed for the defendants, and final judgment has been entered thereon.

CITED *in Ely* v. *Parkhurst*, 1 *Dutch.* 188; *Clapp* v. *Ely*, 3 *Dutch.* 583–605; *Stokes* v. *Middleton*, 4 *Dutch.* 36; *Dean* v. *Thatcher*, 3 *Vr.* 472; *Young's Ad.* v. *Rathbone*, 1 *C. E. Gr.* 227.